# EXHIBIT A

1  Jennifer Kramer, SBN 203385
2  jennifer@employmentattorneyla.com
   HENNIG KRAMER RUIZ & SINGH, LLP
3  3600 Wilshire Blvd., Suite 1908
   Los Angeles, CA 90010
4  Telephone: (213) 310-8301

5
   Robert Ackermann, SBN: 112922
6  videolaw@aol.com
   LAW OFFICE OF ROBERT ACKERMANN
7  11040 Santa Monica Blvd., Ste. 320
   Los Angeles, CA  90025
8  Telephone: (310) 479-2441

9
   Attorneys for Plaintiff, CHRISTINE HAGLER
10

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/29/2023 5:04 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

11        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12           **FOR THE COUNTY OF LOS ANGELES**

13  CHRISTINE HAGLER as an individual and on       **Case No.:** 23STCV31902
    behalf of others similarly situated,
14                                                 **CLASS ACTION COMPLAINT FOR**
                      Plaintiffs,                  **DAMAGES AND EQUITABLE RELIEF:**
15          vs.
16                                                 1. **FAILURE TO PAY WAGES UPON**
    ACTIV ENTERPRISES, LLC, a Nevada                  **DISCHARGE OR RESIGNATION (CAL.**
17  Limited Liability Company, AMAZON                 **LAB.CODE §§ 201, 202, 203)**
    LOGISTICS, INC., a Delaware Corporation,       2. **FAILURE TO PAY WAGES (CAL.**
18  AMAZON.COM SERVICES, LLC. a Delaware              **LAB.CODE § 204, 221, 223)**
    Limited Liability Company, MICHAEL JAMES       3. **FAILURE TO PAY WAGES (CAL.**
19  KIMBALL, an individual and DOES 1 through         **LAB.CODE § 1194)**
    50, Inclusive,                                 4. **FAILURE TO REIMBURSE EXPENSES**
20                                                    **(CAL. LAB.CODE § 2802)**
                      Defendants.                  5. **FAILURE TO PROVIDE LAWFUL MEAL**
21                                                    **PERIODS (CAL. LAB.CODE § 226.7)**
                                                   6. **FAILURE TO PROVIDE LAWFUL REST**
22                                                    **PERIODS (CAL. LAB.CODE § 226.7)**
                                                   7. **UNFAIR COMPETITION (Cal. Bus. & Prof.**
23                                                    **CODE § 17200 et seq.)**
                                                   8. **FAILURE TO FURNISH ACCURATE**
24                                                    **ITEMIZED WAGE STATEMENTS (CAL.**
                                                      **LAB.CODE § 226(a)** *et seq.***)**
25
26                                                    **DEMAND FOR JURY TRIAL**
27
28

        Plaintiff CHRISTINE HAGLER (hereinafter referred to as "Plaintiff"), hereby submits

this Complaint against Defendants ACTIV ENTERPRISES, LLC, a Nevada Limited Liability Company; AMAZON LOGISTICS, INC., a Delaware Corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; MICHAEL KIMBALL, an individual and DOES 1 through 50, Inclusive, (hereinafter collectively referred to as "Defendants") on behalf of herself, and the class of others similarly situated, as follows:

## <u>INTRODUCTION</u>

1. This class action is within the Court's jurisdiction under Cal. Lab. Code §§ 201-204, 221, 223, 226, 226.7, 512, 1194, and 2802, Cal. Bus. & Prof. Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 9.

2. This complaint challenges systemic illegal employment practices resulting in violations of the Cal. Lab. Code, Bus. & Prof. Code and applicable IWC wage orders against employees of Defendants. Plaintiff is informed and believes and based thereon alleges that the number of class members who were subject to these illegal practices exceeds 100.

3. Plaintiff is informed and believes and based thereon alleges Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods.

4. Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the Cal. Lab. Code, Cal. Bus. & Prof. Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due for all hours employees were suffered and permitted to work, (b) lawful overtime compensation, (c) lawful meal and rest breaks, (d) accurate, itemized wage statements, and (e) unreimbursed expenses.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the Cal. Lab. Code, Cal. Bus. & Prof. Code and applicable IWC wage orders.

**CLASS ACTION COMPLAINT**

**JURISDICTION AND VENUE**

**6.**     The Court has jurisdiction over the violations of the Cal. Lab. Code §§ 201-204, 221, 223, 226, 226.7, 512, 1194 and 2802, Cal. Bus & Prof. Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9 §§ 11 and 12 claims alleged herein.

**7.**     Venue is proper because the alleged wrongs occurred in Los Angeles County. Defendants are located within California.  Plaintiff worked for Defendants in Los Angeles County.  The events that are the subject of this action took place in Los Angeles County.

**PARTIES**

**8.**     Plaintiff CHRISTINE HAGLER ("Plaintiff HAGLER") was employed as a Delivery Driver with Defendants from approximately November 2019 to May 2021.  Plaintiff is and was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by Cal. Lab. Code §§ 201-204, 221, 223, 226, 226.7, 512, 1194 and 2802, Cal. Bus. & Prof. Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9 §§ 11 and 12.  Plaintiff was employed by Defendants at all times relevant to this complaint in Los Angeles County.

**9.**     Plaintiff is informed and believe and based thereon allege that Defendant ACTIV ENTERPRISES, LLC, was and is a Nevada Limited Liability Company doing business in the State of California with its principal place of business in Los Angeles County.

**10.**     Defendant ACTIV ENTERPRISES, LLC owns and operates a California-based freight shipping and trucking company that delivers packages in California, ordered through Amazon, to both private residences and commercial establishments from out of its worksite located in Los Angeles County, California, where employees perform various job duties to fulfill shipments.

**11.** Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, AMAZON.COM LOGISTICS, INC. was and is a Delaware corporation doing

**CLASS ACTION COMPLAINT**

business in the State of California. Defendant AMAZON.COM LOGISTICS, INC. is a company that focuses on delivery of goods that are purchased through Amazon.com's virtual online store.

**12.** Plaintiff is informed and believes and based thereon alleges that at all times relevant herein, AMAZON.COM SERVICES, LLC. was and is a Delaware limited liability company doing business in the State of California. Defendant AMAZON.COM SERVICES, LLC. is a technology company that focuses on e-commerce.

**13.** ACTIV ENTERPRISES, LLC., AMAZON.COM LOGISTICS, INC., and AMAZON.COM SERVICES, LLC. will be collectively referred to herein as the "Corporate Defendants."

**14.** Defendant MICHAEL JAMES KIMBALL (sometimes hereinafter the "Individual Defendant") is doing business in the County of Los Angeles and is owner and managing agent of Defendant of ACTIV ENTERPRISES, LLC, and who was at all times herein the person who was acting on behalf of the employer causing the applicable violations of the Cal. Lab. Code, Cal. Bus. & Prof. Code as well as of the applicable wage order(s) issued by the Industrial Welfare Commission referenced herein.

**15.** Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. Based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Cal. Lab. Code §§ 201-204, 221, 223, 226, 226.7, 512, 1194 and 2802, Cal. Bus. & Prof. § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9 §§ 11 and 12.

**16.** Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this

**CLASS ACTION COMPLAINT**

complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

17.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

18.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

19.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

20.     At all times mentioned herein, Defendants, and each of them, ratified each act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages as herein alleged.

21.     At all times mentioned herein, Defendants, and each of them, ratified each act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages as herein alleged.

**CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

**22.     Definition:**  The named individual Plaintiff brings this action on behalf of herself and the class pursuant to Cal. Code of Civ. Proc. § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).  The class is defined as: "All current and former employees who were Delivery Drivers and other non-exempt, hourly-paid employees with similar titles or similar job duties who worked for Defendants within the last four years up to the time that class certification is granted."

**23.     Numerosity:**  The members of the class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the class is readily ascertainable by review of Defendants' records. Plaintiffs are informed and believe and based thereon allege that (a) class members regularly were denied payment of all wages due, (b) class members were regularly denied meal breaks and/or rest breaks, and (c) were not reimbursed for work related expenses, including cell phones.

**24.     Adequacy of Representation**:  The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiffs.

**25.**     Defendants uniformly administered a corporate policy, practice and/or custom concerning staffing levels, duties, responsibilities of the class members, which required that the class members to work through the legally required rest and meal breaks.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.  Additionally, Defendants uniformly administered a corporate policy, practice and/or custom of not paying members of the class for all hours worked.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

**CLASS ACTION COMPLAINT**

26.     Plaintiff is informed and believes and based thereon alleges Defendants, violated of Cal. Lab. Code §§ 201-204, 221, 223, 226, 226.7, 512, 1194 and 2802.  Plaintiff and other members of the class did not secret or absent themselves from Defendants, nor refuse to accept the earned and unpaid wages from Defendants.  Accordingly, Defendants are liable for waiting time compensation for the unpaid wages to separated employees pursuant to Cal. Lab. Code § 203.

27.     As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Defendants did not maintain adequate records, and/or altered with records pertaining to when Plaintiff and the members of the class began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of Cal. Lab. Code § 1174.

28.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the class concerning whether (a) class members regularly were denied payment of all wages due, and (b) class members were regularly denied meal breaks and/or rest breaks, and (c) were not reimbursed for work related expenses.  Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiffs and the other members of the class as required by California law.

29.     **Typicality:**  The claims of Plaintiffs are typical of the claims of all members of the class.  The Plaintiff is a member of the class and have suffered the alleged violations of Cal. Lab. Code §§ 201-204, 221, 223, 226, 226.7, 512, 1194 and 2802and California Industrial Welfare Commission wage orders including IWC Wage Order No. 9.

30.     The Cal. Lab. Code and Wage Order provisions upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

7

**CLASS ACTION COMPLAINT**

**31.** The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

**32.** The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all the concomitant costs and expenses.

**33.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of unpaid premium compensation for missed meal and rest periods pursuant to Cal. Lab. Code § 226.7 and IWC Wage Order No. 9 §§ 11(B) and 12 (B), unpaid wages both straight-time and overtime, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of Cal. Lab. Code §§ 218.5,1194, 2802 and Cal. Code of Civ. Proc. § 1021.5.

**34.**     Proof of a common business practice or factual pattern, of which the named Plaintiffs experienced, are representative and will establish the right of each of the members of the plaintiff class to recovery on the causes of action alleged herein.

**35.**     The plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants.  The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by Defendants.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION

**36.**     Plaintiff was employed by Defendants ACTIV ENTERPRISES, LLC ("ACTIV") and AMAZON LOGISTICS, INC. and AMAZON.COM SERVICES, INC., (collectively "AMAZON"), ("AMAZON" and "ACTIV" collectively, "Defendants") from approximately November 2019 to May 2021.

**37.**     Plaintiff was employed as a delivery driver directly through ACTIV earning between $16.00 and $17.50 per hour. There are numerous factors supporting a joint employment relationship between ACTIV and AMAZON, including, but not limited to:

**a.** Plaintiff's principal job duties as a delivery driver was to deliver AMAZON's packages to AMAZON's online customers.

**b.** The drivers picked up packages from Amazon facilities.

**c.** The drivers were required to deliver packages in specified types of vans that had Amazon's name and logo printed on the side.

**d.** The drivers' uniform included a shirt with Amazon's name and logo.

**e.** Amazon created Amazon badges for ACTIV drivers.

**f.** Drivers were required to use the Amazon app to conduct their work (called Amazon Flex App or "AmFlex"). All work was performed through the app.

**g.** Drivers received direction daily from Amazon regarding the delivery of packages.

**38.**     Plaintiff was generally scheduled for shifts which lasted approximately 8.5 hours. As a result of grossly insufficient staffing levels, Defendants' policies and other factors, Plaintiff

did not have, and was not provided, the opportunity to take either a meal break or a rest break. Nor, as a practical matter was Plaintiff permitted to stop her delivery van for a long enough time to take either a meal break or rest break.

     **39.**    Furthermore, during shifts, Plaintiff as well as other delivery drivers were required to always keep their communication devices "ON" and were furthermore also responsible to be available for and to be able to respond to work-related communications at all times over the course of their shifts.

     **40.**    It is also alleged upon information and belief that, Plaintiff was required to be punched-out for thirty (30) minutes per 8.5-hour shift for a meal break (for which she was not paid), all the time during which she was either required to work and/or to be available to work.

     **41.**    Drivers were routinely being underpaid on their "hours worked" in several different ways, including the following:

    **(A)** Even though drivers were unable to take 30-minute meal breaks, Defendants still required drivers (through the AMAZON Flex App) to punch-out for 30 minutes/day.

    **(B)** Because drivers were, in fact, working while they were punched-out, drivers should have been paid for that time, and were consequently routinely being underpaid by 30 minutes per day.

    **(C)** Additionally, because drivers were under pressure to start their routes as soon as they were punched in, drivers were asked to and would routinely start performing various preliminary duties (inspecting van, retrieving/inventorying pouch, cleaning out van, etc.) prior to the scheduled start of their shifts.

    **(D)** Drivers were <u>instructed not to clock-in</u> prior to their scheduled start-time, and so they were consequently not being paid for any of that preliminary work and were therefore routinely being underpaid.

    **(E)** Based on the institutional practices of Defendants, drivers were also being required to work "off the clock" on a near daily-basis on account of that they were regularly and frequently receiving work-related messages on their personal cell phones during their non-work hours— and were, in most circumstances, required to check those messages.

**CLASS ACTION COMPLAINT**

**42.**     Throughout Plaintiff's employment with Defendants, Plaintiff was not advised of Plaintiff's wage and hour rights. In fact Defendants were largely providing drivers misinformation along the following lines:

(A) Plaintiff, as well as all the other drivers were instructed by Defendant KIMBALL to arrive approximately 30 minutes prior to their scheduled start time, so that drivers could get their vans fully prepared prior to scheduled start time.

(B) Notwithstanding those drivers, including Plaintiff, were arriving early, drivers were instructed NOT to clock-in at time of arrival— but could only clock-in at the start of their actual shifts.

(C) The reason for starting early was because there were many companies that would be waiting to get their vans loaded (with packages from out of the AMAZON warehouse) and AMAZON gave preference to those companies that could get their fleets prepared and "in-line" the quickest.

(D) Defendant KIMBALL regularly instructed Plaintiff, as well as other drivers, that it was in the everyone's interest to complete their preliminary work prior to the start of their shifts (i.e., prior to punching in) so that Defendant ACTIV could be "first-in-line" to get their packages from out of the AMAZON warehouse.

(E) In this way, drivers from ACTIV could then begin delivering packages as early as possible, and Defendant ACTIV would then be able to score "high marks" for timely delivery in the eyes of AMAZON.

(F) In lieu of punching in, Defendant KIMBALL advised drivers that if Defendant ACTIV could achieve "high marks", then drivers would be rewarded with other perks (in lieu of overtime compensation).

(G) In fact, if Defendant ACTIV could hit certain specified targets, Defendant ACTIV would receive a "*Fantastic Plus*" bonus directly from AMAZON (and which was a substantial monetary bonus), but which was paid solely and directly to Defendant ACTIV (and was not paid to any of the drivers).

**CLASS ACTION COMPLAINT**

**(H)** Defendant ACTIV frequently received these bonuses from AMAZON and then, at varying times (but only sporadically) "compensated" drivers with several different forms of non-monetary compensation, such as: gift cards (but not to all employees), catered food to worksite, free water and/or the option to allow a driver to punch-out early (but still be paid for the day) if the driver could finish his/her route early.

**43.** Plaintiff, as well as other drivers were intimidated from complaining or from otherwise asserting their wage/hour rights in several ways, including:

**(A)** There were instances where if a driver were even one minute late (to his/her unpaid start time), Defendant KIMBALL would, in front of everyone, send that driver home.

**(B)** It was common knowledge that management was not responsive to the complaints of drivers regarding wage/hour issues, including meal breaks, rest breaks, as well as off-the-clock work.

**(C)** As referenced above, Defendants were continuously seeking to actively push drivers into foregoing their lawful overtime compensation.

**(D)** There was also the strong implication (by way of the frequent morning pep-talks) that you would not be considered a "team player" if you did not comply with Defendant KIMBALL's requests to start getting ready early without punching in.

**(E)** Notwithstanding that Defendants were entirely aware that drivers were unable to take meal breaks or rest breaks, drivers were nonetheless subject to retaliation (such as by having their hours cut) if they were to fall behind in their onerous delivery schedules.

**(F)** Given the circumstances Plaintiff, as well as other drivers, were concerned about retaliation should they either complain or otherwise take action to enforce their rights.

**44.** Regarding work-related communications, Plaintiff, as well as other drivers, were frequently and regularly required to utilize their personal cell phones during both their hours at work and non-work hours.

**45.** Defendants utilized WhatsApp as one of Defendants' primary internal communication tool. Defendants established a WhatsApp Company chatroom ("the Company Chatroom"). Defendants required Plaintiff as well as other employees to download WhatsApp

**CLASS ACTION COMPLAINT**

onto their personal cell phones and then to also join and participate in the Company Chatroom.

46.     The participants in the Company Chatroom primarily included management, dispatchers, and delivery drivers. Each participant was able to transmit communications to each and every other participant to the Company Chatroom.

47.     There were likely more than 50-75 persons participating at any one time; and because each participant was receiving all the communications from all the other participants, participants were not only being deluged with messages on their personal cell phones while at work— but they were also regularly and frequently receiving communications when they were not at work.   Chatroom participants were receiving up to 100 or more message per day on their own personal cell phones and were forced to spend substantial amounts of time to sift through a flood of irrelevant and distracting information in order locate and review messages that were pertinent to themselves.

48.     Defendant oftentimes began initiating messages to drivers as early as 6 AM each morning (and which was several hours before the start of their shifts) and not only was there a constant stream of messages occurring throughout the day (including through drivers' ostensible rest breaks and meal breaks), but they oftentimes also continued well into the evening after their shifts had ended. Defendants expected that drivers would be regularly monitoring all said messages and that drivers should respond should circumstances require.

49.     Defendants were aware that said employees, inclusive of Plaintiff, were regularly and continuously using their personal cell phones and cell phone plans for work-related purposes, and notwithstanding this knowledge Defendants failed to reimburse said employees for all necessary expenditures incurred by said employees for said expenses incurred in the direct consequence of the discharge of their duties in the course of their employment with Defendants.

50.     Also, notwithstanding that Defendants were aware that Plaintiff and other class members were regularly and frequently working off-the-clock to check work-related messages and respond to work communications, Defendants have failed and refused to pay employees for any of this time.

**CLASS ACTION COMPLAINT**

**51.** Plaintiff and class members worked for periods of more than five (5) hours without a meal period of thirty (30) minutes.

**52.** Plaintiff and class members worked for periods of more than four (4) hours without a rest period of ten (10) minutes.

## FIRST CAUSE OF ACTION

### (BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS FOR FAILURE TO PAY WAGES UPON DISCHARGE OR RESIGNATION IN VIOLATION OF CAL. LAB. CODE §§ 201, 202, AND 203)

#### (Against Corporate Defendants)

**53.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**54.** This cause of action is brought pursuant to Cal. Lab. Code §§ 201, 202, and 203, which require the immediate payment of all wages due at the time of discharge or resignation.

**55.** It is alleged on information and belief that as a pattern and practice, Defendants regularly required that time be deducted time from employees' daily time records to reflect meal breaks not taken. Plaintiff and class members were not compensated for all hours they were subject to the control of Defendants; including all time they were suffered or permitted to work.

**56.** Additionally, because drivers were performing various prerequisite duties for 10-15 minutes per day prior to being permitted to clock-in, drivers were routinely being underpaid by an additional 10-15 minutes per day.

**57.** Plaintiff is informed and believes and based thereon alleges Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiff and the class members to work without appropriate pay. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by requiring Plaintiff and members of

the class to work without proper compensation because they were unable to take the meal periods which were regularly deducted from their time records.

**58.**     Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees proper compensation for all hours worked.  Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Cal. Lab. Code § 203.

<u>**SECOND CAUSE OF ACTION**</u>

**(BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS**

**FOR FAILURE TO PAY WAGES ALL WAGES IN VIOLATION OF CAL. LAB.**

**CODE §§ 204, 221, AND 223)**

**(Against Corporate Defendants)**

**59.**     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**60.**     This cause of action is brought pursuant to Cal. Lab. Code §§ 204, 221, and 223.

**61.**     Cal. Lab. Code § 204 requires all wages earned by an employee to be paid twice during each calendar month.

**62.**     Cal. Lab. Code § 221 declares it unlawful for an employer to collect or receive from an employee any part of wages paid by the employer by an employee.

**63.**     Cal. Lab. Code § 223 declares it unlawful for an employee to secretly pay a lower wage while purporting to pay a wage designated by statute or contract.

**64.**     At all times relevant herein, Defendants were required to timely compensate its non-exempt, hourly employees for all hours worked.

**65.**     It is alleged on information and belief that as a pattern and practice, Defendants regularly required that time be deducted time from employees' daily time records to reflect meal breaks not taken.  Plaintiff and class members were not compensated for all hours they were

subject to the control of Defendants; including all time they were suffered or permitted to work.

**66.** Additionally, because drivers were performing various prerequisite duties for 10-15 minutes per day prior to being permitted to clock-in, drivers were routinely being underpaid by an additional 10-15 minutes per day.

**67.** Plaintiff is informed and believes and based thereon alleges Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiff and the class members to work without appropriate pay.  This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget.  This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by requiring Plaintiff and members of the class to work without proper compensation because they were unable to take the meal periods which were regularly deducted from their time records.

**68.** Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees proper compensation for all hours worked.  Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Cal. Lab. Code § 203.

**THIRD CAUSE OF ACTION**

**(BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS**

**FOR FAILURE TO COMPENSATE FOR ALL HOURS WORKED IN PURSUANT TO**

**IWC WAGE ORDER NO. 9 AND CAL. LAB. CODE § 1194)**

**(Against All Defendants)**

**69.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**70.** This cause of action is brought pursuant to Cal. Lab. Code §1194, et seq., which provides that employees are entitled to wages and compensation for work performed and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime. Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code §§ 203 and 1194.

**71.** At all times relevant herein, Defendants were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of Cal. Lab. Code §1194 and IWC Wage Order No. 9.

**72.** It is alleged on information and belief that as a pattern and practice, Defendants regularly required that time be deducted time from employees' daily time records to reflect meal breaks not taken. Plaintiff and class members were not compensated for all hours they were subject to the control of Defendants; including all time they were suffered or permitted to work.

**73.** Additionally, because drivers were performing various prerequisite duties for 10-15 minutes per day prior to being permitted to clock-in, drivers were routinely being underpaid by an additional 10-15 minutes per day.

**74.** Plaintiff is informed and believes and based thereon alleges Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiff and the class members to work without appropriate pay. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by requiring Plaintiff and members of the class to work without proper compensation because they were unable to take the meal periods which were regularly deducted from their time records.

**75.** As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiff is informed and believes and based thereon alleges Defendants did not properly

**CLASS ACTION COMPLAINT**

maintain records pertaining to when Plaintiff and the class began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of Cal. Lab. Code §1174.

**76.** Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees proper compensation for all hours worked. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Cal. Lab. Code § 203.

**77.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to Cal. Lab. Code §1194, et seq.

<u>**FOURTH CAUSE OF ACTION**</u>

**(BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS**

**FOR REIMBURSMENT OF WORK-RELATED EXPENSES**

**PURSUANT TO CAL. LAB. CODE § 2802)**

**(Against All Defendants)**

**78.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**79.** Pursuant to Cal. Lab. Code § 2802, an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

**80.** While acting on the direct instruction of Defendants and discharging their duties for Defendants, Plaintiff and similarly situated employees have incurred work-related expenses. Such expenses include but are not limited to the following: use of their personal cell phones and

cell phone plans, and other losses and damages. Plaintiff incurred these substantial expenses and losses as a direct and proximate result of performing her job duties for Defendants.

**81.** Defendants have failed to indemnify or in any manner reimburse Plaintiff and similarly situated employees for these expenditures, in violation of Cal. Labor Code § 2802.

**82.** Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code § 2802.

**83.** Pursuant to Wage Order 9, when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer. Defendants failed to provide and maintain tools and equipment required by the employer and those that are necessary to the performance of the job.As a direct and proximate result of Defendants' conduct, Plaintiff has suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

## FIFTH CAUSE OF ACTION

## (BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS FOR FAILURE TO PROVIDE MEAL BREAKS IN VIOLATION OF CAL. LAB. CODE § 226.7)

### (Against All Defendants)

**84.** Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**85.** Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiff and other members of the class, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods.  Plaintiff and the class were suffered and permitted to work through legally required meal breaks.  As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Cal. Lab. Code § 226.7 and IWC Wage Order No. 9 § 11(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for

each workday that the meal break was not provided.

86.     Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code § 226.7.

87.     Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

88.     As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation.  Defendants did staff employees in such a manner and at such posts that would make it impossible for these employees to take their meal period.  This policy of requiring employees to work through their legally mandated meal periods is a violation of California law.

89.     Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Cal. Lab. Code § 226.7 and IWC Wage Order No. 9 § 11(B).  Plaintiff is informed and believe and based thereon alleges Defendants' willful failure to provide Plaintiff and other members of the class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Cal. Lab. Code § 203.

90.     As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiff is informed and believes and based thereon alleges Defendants did not properly maintain records pertaining to when Plaintiff began and ended each meal period in violation of Cal. Lab. Code § 1174 and § 4 of the applicable IWC Wage Order(s).

91.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation

**CLASS ACTION COMPLAINT**

pursuant to Cal. Lab. Code § 226.7 and IWC Wage Order No. 9§ 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of Cal. Lab. Code §§ 218.5 or 1194.

92.     Defendants' wrongful and illegal conduct in failing provide class members with the opportunity to take meal breaks and to provide premium compensation in accordance with Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order No. 5 § 11(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and   wage orders, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to seek legal redress repeatedly and continuously in order to gain compensation to which they are entitled under California law.  Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## SIXTH CAUSE OF ACTION

## (BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS FOR DENIAL OF LAWFUL REST BREAKS IN VIOLATION OF CAL. LAB. CODE §§ 226.7)

## (Against all Defendants)

93.     Plaintiff re-allege and incorporates by reference each and every allegation set forth in the preceding paragraphs.

94.     Defendants affirmatively prevented Plaintiff and class members from taking legally mandated rest breaks.  As such, Defendant is responsible for paying premium compensation for missed rest periods pursuant to Cal. Lab. Code § 226.7 and IWC Wage Order No. 9 § 12(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not provided.

95.     Plaintiff and class members regularly worked in excess of three and half (3 ½) hours per day.  Defendants' policies and practices prevented Plaintiffs and class members from

enjoying their right to a ten (10) minute rest period in the middle of each four (4) hour work period.

96.    As a pattern and practice, Defendants regularly required employees to work through rest periods. Defendants and Defendants' supervisors assigned work, scheduled shifts, and staffed worksites in a manner that did not allow Plaintiffs and class members to regularly take rest periods.

97.    Plaintiff is informed and believe and based thereon allege that Defendants' failure to provide Plaintiff and other members of the class with the opportunity to take rest breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiff and other members of the class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and other members of the class' rights.

98.    Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Cal. Lab. Code § 226.7 and IWC Wage Order No. 9 § 12(B). Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide Plaintiff and other members of the class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Cal. Lab. Code § 203.

99.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Cal. Lab. Code § 226.7 and IWC Wage Order No. 9 § 12(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of Cal. Lab. Code §§ 218.5 or 1194.

100.    Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code §

226.7.

**101.** Defendants' wrongful and illegal conduct in failing provide class members with the opportunity to take rest breaks and to provide premium compensation in accordance with Cal. Lab. Code §§ 226.7 and 512 and IWC Wage Order No. 9§ 12(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to seek legal redress repeatedly and continuously in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## SEVENTH CAUSE OF ACTION

### (BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS
### FOR VIOLATIONS OF CAL. BUS. & PROF. § 17200 ET SEQ.)
### (Against All Defendants)

**102.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**103.** Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by requiring Plaintiff and the members of the class to (a) not compensate employees for all hours worked, (b) to require employees to work through meal and rest periods and (c) to not reimburse employees for work related expenses such as cell phones.

**104.** Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

**105.** Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any

23

**CLASS ACTION COMPLAINT**

and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

106. Plaintiff seeks, on her own behalf, on behalf of other members of the class similarly situated, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

107. The restitution includes the equivalent of (a) all unpaid wages for hours worked whether it be straight-time or overtime, (b) all unpaid premium compensation mandated by Cal. Lab. Code § 226.7 and IWC Wage Order No. 9 § 11(B) and 12(B), and (c) work related expenses, including interest thereon.

108. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

109. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by Cal. Bus. & Prof. Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## EIGHTH CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS

### FOR FAILURE TO PROVIDE ACCRATE WAGE STATEMENTS

### (Against All Defendants)

110. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

111. Plaintiff and all similarly situated employees have been harmed as described herein and set forth in the First, Second, Third, Fourth, Fifth and Sixth Causes of Action. Plaintiff and the Class Members have been harmed as described herein. Cal. Labor Code § 558.1

provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code § 226.

**112.**    As a pattern and practice, Defendants failed to furnish Plaintiff and all similarly situated employees, either semimonthly or at the time of each payment of wages, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiff and all similarly situated employees at each rate.

**113.**    Defendants willfully and intentionally failed to provide Plaintiff and all similarly situated employees with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiff and all similarly situated employees in that it required or suffered them to work and failed to pay wages to them for all hours worked.  Defendants willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiff and all similarly situated employees, and all applicable hourly rates and the corresponding number of hours worked by Plaintiff and all similarly situated employees at each rate.

**114.**    As such, Plaintiff and all similarly situated employees are entitled to payment from Defendants of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Cal. Lab. Code § 226, as well as reasonable attorney's fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her  own behalf and on the behalf of the members of the class, prays for judgment as follows:

**1.**    For an order certifying the proposed class;

**2.**    For consequential damages according to proof;

**3.**    For waiting time wages according to proof pursuant to Cal. Lab. Code § 203;

**4.**    For reimbursement of work-related expenses according to proof at trial;

**5.**    That Defendants be ordered to show cause why they should not be enjoined and ordered

25

to comply with the applicable California Industrial Welfare Commission wage orders related to meal breaks and record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

6. That Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to rest breaks; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7. For restitution to each Plaintiff and other similarly effected members of the class of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by Cal. Bus. & Prof. § 17200 et seq.;

8. For an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

9. For an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

10. For actual damages or statutory penalties according to proof as set forth in Cal. Lab. Code § 201, 202, 203, 204, 221, 223, 226, 226.7, and IWC Wage Order No. 9;

11. That Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

12. For pre-judgment interest as allowed by Cal. Lab. Code §§ 218.5 or 1194 and Cal. Civ. Code § 3287;

13. For reasonable attorneys' fees, expenses and costs as provided by Cal. Lab. Code §§ 218.5 1194, 2802 and Cal. Code. Civ. Proc. § 1021.5; and,

14. For such other and further relief the court may deem just and proper.

---

26

**CLASS ACTION COMPLAINT**

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a Trial by Jury.

**Dated:  December 29, 2023**

**HENNIG KRAMER RUIZ & SINGH, LLP**
**LAW OFFICE OF ROBERT ACKERMANN**

**By** *Jennifer Kramer*
　　　 _____
　　　 **Robert Ackermann**
　　　 **Jennifer Kramer**
　　　 **Attorneys for Plaintiff**

27

**CLASS ACTION COMPLAINT**